UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ADAM KEYSE, ADAM MITRO, CHARLES BERG, AND DREW PERRIN, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>BRIGHTEDGE TECHNOLOGIES, INC.<br><br>    Defendant. | Case No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**WITH JURY DEMAND** |

Plaintiffs Adam Keyse, Adam Mitro, Charles Berg, and Andrew Perrin ("Plaintiffs"), individually and on behalf of all others similarly situated, and through their attorneys, file this Collective and Class Action Complaint ("Complaint") against Defendant BrightEdge Technologies, Inc. ("Defendant" or "BrightEdge") upon personal knowledge as to themselves and upon information and belief as to other matters and allege as follows:

## NATURE OF THIS LAWSUIT

1. This lawsuit seeks to recover overtime premium compensation and other wages owed to Plaintiffs and similarly situated individuals who worked as Sales Development Representatives ("SDRs") for Defendant BrightEdge Technologies, Inc. ("Defendant" or "BrightEdge"), throughout the United States pursuant to the Fair Labor Standards Act of 1938, as amended. 29 U.S.C. § 201, *et seq.* ("FLSA"); and throughout Ohio pursuant to the Ohio Minimum Wage Act, O.R.C. §§ 4111.01, *et seq.* ("OMWA") and Section 34a of Article II of the Ohio Constitution ("Section 34a").

2. SDRs sell Defendant's products and services.

3. Defendant set strict requirements for time spent interacting with customers and potential customers, requiring SDRs to focus the bulk of their office shifts on making sales calls.

4. Defendant required SDRs, on top of meeting sales goals, to participate in frequent meetings, which consume several hours per week and reduce the amount of shift time available to make sales calls.

5. As a result of these requirements, SDRs have little office time to perform all other work, including prospecting, drafting emails, and completing other sales duties.

6. Instead, Defendant expects SDRs to complete many of these tasks outside of normal business hours, including on weekends.

7. SDRs' job duties require significant overtime work and SDRs regularly work overtime hours.

8. Defendant, however, did not pay SDRs for many of the overtime hours they worked.

9. Defendant instructs SDRs not to record all of their hours worked each week, even though they regularly work significant overtime hours.

10. Moreover, when it does pay overtime, Defendant compensates SDRs at an improper overtime rate because it fails to include the value of bonuses and commissions in the SDRs' regular rate.

11. Further, Defendant does not compensate SDRs more than a set number of overtime hours per week, regardless of the number of hours actually worked.

12. By the conduct described in this Complaint, Defendant willfully violated the FLSA by failing to pay its employees, including Plaintiffs, proper overtime wages as required by law.

13. By the conduct described in this Complaint, Defendant also willfully violated the OMWA and Section 34a by failing to pay its employees, including Plaintiffs, for all hours worked at applicable minimum and overtime wage rates.

14. Plaintiffs seek to recover the unpaid wages Defendant owes them and similarly-situated current and former SDRs. Plaintiffs bring this action under the FLSA, on behalf of themselves and all similarly situated current and former SDRs within the jurisdiction of this

Court who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

15. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former SDRs who worked in the State of Ohio to recover wages owed under the laws of Ohio.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 because Plaintiffs FLSA claims arise under federal law. *See,* 29 U.S.C. §216(b).

17. This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

18. Defendant is subject to personal jurisdiction in Ohio, where it conducts business.

19. Defendant is a covered employer within the meaning of the FLSA and has had gross revenues exceeding $500,000 for all relevant time periods.

20. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in Cuyahoga County, which is within the Northern District of Ohio, Eastern Division's geographic assignment.

## THE PARTIES

**PLAINTIFF ADAM KEYSE**

21. Plaintiff Adam Keyse ("Keyse") is a resident of Austin, Texas.

22. Keyse was employed as an SDR by Defendant BrightEdge in Cleveland, Ohio from approximately June 2019 to July 2020.

23. Pursuant to the company's practice, BrightEdge did not pay Keyse overtime wages for all hours worked over 40 in a workweek even though Keyse regularly worked over 40 hours in a workweek.

24. BrightEdge encouraged Keyse to work over 40 hours per workweek and to work past 5:00 p.m. in order to make after hours calls to contacts in the Central, Mountain, and Pacific Time Zones.

25. During Keyse's employment with the company, BrightEdge did not include nondiscretionary bonuses and commissions into the overtime premiums it paid to Keyse.

26. At all relevant times, Keyse was a covered employee within the meaning of the FLSA.

27. Pursuant to 29 U.S.C. § 216(b), Plaintiff Keyse consents to sue as a plaintiff under the FLSA. Keyse's executed consent to join form is attached to this Collective Action Complaint as Exhibit A.

**PLAINTIFF ADAM MITRO**

28. Plaintiff Adam Mitro ("Mitro") is a resident of Cleveland, Ohio.

29. Mitro was employed as an SDR by Defendant BrightEdge in Cleveland Ohio from approximately June 2019 to August 2020.

30. Pursuant to the company's policy, BrightEdge did not pay Mitro overtime wages for all hours worked over 40 in a workweek even though Mitro regularly worked over 40 hours in a workweek.

31. BrightEdge encouraged Mitro to work over 40 hours per workweek and to work past 5:00 p.m. in order to make after hours calls to contacts in the Central, Mountain, and Pacific Time Zones.

32. During Mitro's employment with the company, BrightEdge did not include nondiscretionary bonuses and commissions into the overtime premiums it paid Mitro.

33. At all relevant times, Mitro was a covered employee within the meaning of the FLSA.

34. Pursuant to 29 U.S.C. § 216(b), Plaintiff Mitro consents to sue as a plaintiff under the FLSA. Mitro's executed consent to join form is attached to this Collective Action Complaint as Exhibit B.

**PLAINTIFF CHARLES BERG**

35. Plaintiff Charles Berg ("Berg") is a resident of Tallmadge, Ohio.

36. Berg was employed as an SDR by Defendant BrightEdge in Cleveland, Ohio from approximately January 2020 to July 2020.

37. Pursuant to the company's policy, BrightEdge did not pay Berg overtime wages for all hours worked over 40 in a workweek even though Berg regularly worked over 40 hours in a workweek.

38. BrightEdge encouraged Berg to over 40 hours per workweek and to work past 5:00 p.m. in order to make after hours calls to contacts in the Central, Mountain, and Pacific Time Zones.

39. During Berg's employment with the company, BrightEdge did not include nondiscretionary bonuses and commissions into the premiums it paid Berg.

40. At all relevant times, Berg was a covered employee within the meaning of the FLSA.

41. Pursuant to 29 U.S.C. § 216(b), Plaintiff Berg consents to sue as a plaintiff under the FLSA. Berg's executed consent to join form is attached to this Collective Action Complaint as Exhibit C.

**PLAINTIFF ANDREW PERRIN**

42. Plaintiff Andrew Perrin ("Perrin") is a resident of University Heights, Ohio.

43. Perrin was employed as an SDR by Defendant BrightEdge in Cleveland, Ohio from approximately June 2020 to September 2020.

44. Pursuant to the company's policy, BrightEdge did not pay Perrin overtime wages for all hours worked over 40 in a workweek even though Perrin regularly worked over 40 hours in a workweek.

45. BrightEdge encouraged Perrin to work over 40 hours per workweek and to work past 5:00 p.m. in order to make after hours calls to contacts in the Central, Mountain, and Pacific Time Zones.

46. During Perrin's employment with the company, BrightEdge did not include nondiscretionary bonuses and commissions into the premiums it paid Perrin.

47. At all relevant times, Perrin was a covered employee within the meaning of the FLSA.

48. Pursuant to 29 U.S.C. § 216(b), Plaintiff Perrin consents to sue as a plaintiff under the FLSA. Perrin's executed consent to join form is attached to this Collective Action Complaint as Exhibit D.

**DEFENDANT BRIGHTEDGE TECHNOLOGIES, INC.**

49. Defendant BrightEdge is a company incorporated in Delaware and headquartered in California with offices in multiple cities in the United States and overseas.

50. BrightEdge designs and develops internet advertising and marketing software solutions. The company offers search engine optimization tools that allow customers to effectively direct traffic to their website from internet search engines.

51. Throughout the relevant period, BrightEdge employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

52. BrightEdge has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

53. BrightEdge is a covered employer within the meaning of the FLSA and, at all times relevant, employed Plaintiffs and similarly situated employees.

54. At all times relevant, BrightEdge maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

55. BrightEdge applied the same employment policies, practices, and procedures to all SDRs.

56. Upon information and belief, at all times relevant, BrightEdge's annual gross volume of sales or business done was not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

57. Under the FLSA, 29 U.S.C. § 216(b), Plaintiffs bring the First Cause of Action on behalf of themselves and all similarly situated current and former BrightEdge employees within the jurisdiction of this Court who worked as SDRs any time between three years prior to the filing of this Complaint and the date of final judgment in this matter, and who elect to join this action (the "FLSA Collective").

58. Plaintiffs and the FLSA collective are similarly situated in that they have substantially similar job duties and are subject to BrightEdge's common compensation policies, patterns, and/or practices, including BrightEdge's failure to fully pay for overtime work performed by SDRs for BrightEdge's benefit, as more fully described herein.

59. Consistent with BrightEdge's practice, Plaintiffs and members of the FLSA Collective were not paid overtime compensation for hours worked above 40 in a workweek.

60. Consistent with BrightEdge's practice, Plaintiffs and members of the FLSA Collective were not paid the correct overtime compensation for hours worked above 40 hours in a workweek because BrightEdge did not include nondiscretionary bonuses and commissions into the overtime premiums.

61. All of the work that Plaintiffs and members of the FLSA Collective performed was assigned by BrightEdge and/or BrightEdge was aware of the work that Plaintiffs and the members of the FLSA Collective performed.

62. BrightEdge should have paid Plaintiffs and the members of the FLSA Collective overtime compensation, which also means including nondiscretionary bonuses and commissions into the regular rate, for hours worked above 40 in a workweek.

63. For a period of time, BrightEdge's conduct was repeated and consistent.

64. BrightEdge is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and members of the FLSA Collective for overtime hours worked and failing to pay the proper overtime premiums.  Upon information and belief, the FLSA Collective consists of similarly situated individuals who have been underpaid by BrightEdge in violation of

the FLSA and would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated employees and former employees are known to BrightEdge, are readily identifiable, and can be located through BrightEdge's records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

65. BrightEdge is liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiffs and the members of the FLSA Collective.

66. BrightEdge has required, suffered, or permitted all the work that Plaintiffs and the members of the FLSA Collective have performed, and/or BrightEdge has known or should have known of all the work that Plaintiffs and the members of the FLSA Collective have performed.

67. As part of its regular business practice, BrightEdge has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

(a) willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime for all hours they worked in excess of 40 hours per workweek; and

(b) willfully failing to record all of the time that its employees, including Plaintiffs and the members of the FLSA Collective, have worked for the benefit of BrightEdge;

(c) willfully failing to properly calculate correct overtime compensation due to Plaintiffs and the members of the FLSA Collective, including by failing to include nondiscretionary bonuses and commissions into the overtime premiums.

68. BrightEdge is aware or should have been aware that federal law required it to pay employees, including Plaintiffs and the members of the FLSA Collective, an overtime premium for all hours worked in excess of 40 per workweek.

## OHIO CLASS ACTION ALLEGATIONS

69. Under Rule 23 of the Federal Rules of Civil Procedure and Ohio law, Plaintiffs bring this action on behalf of themselves and a class of current and former BrightEdge employees who worked as SDRs in the State of Ohio any time between two years prior to the filing of this Complaint and the date of judgment in this matter (the "Ohio Class.")

70. Excluded from the Ohio Class are: BrightEdge's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in BrightEdge; any judge to whom this case is assigned, and any member of that judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Ohio Class.

71. BrightEdge employed Plaintiffs and the members of the Ohio Class as an employer or joint employer, all as further alleged herein.

72. The persons in the Ohio Class identified above are so numerous that joinder of all members is impractical. Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of BrightEdge.

73. Upon information and belief, the size of the Ohio Class is at least 40 workers.

74. There are questions of law and fact common to the Ohio Class that predominate over any questions solely affecting individual members of the Ohio Class, including but not limited to:

(a) whether BrightEdge failed and/or refused to pay Plaintiffs and the Ohio Class for all hours worked, including overtime pay for all hours worked in excess of 40 hours per workweek, in violation of Ohio law;

(b) whether BrightEdge failed to keep true and accurate records for all hours worked by Plaintiffs and the Ohio Class, in violation of Ohio law;

(c) what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

(d) the nature and extent of Ohio Class-wide injury and the appropriate measure of damages for the Ohio Class;

(e) whether BrightEdge's policy and practice of failing to compensate the members of the Ohio class for all hours worked was willful.

75. Plaintiffs' claims are typical of the Ohio Class they seek to represent. Plaintiffs and the Ohio Class work or have worked for BrightEdge as SDRs and have been subjected to its policy and pattern or practice of failing to pay for all hours worked, including overtime for hours worked in excess of 40 per week.

76. Plaintiffs will fairly and adequately represent and protect the interests of the Ohio Class. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Ohio Class to represent its interests fairly and adequately. Plaintiffs recognize that, as class representatives, they must represent and consider the interests of the Ohio Class as they would represent and consider their own interest. Plaintiffs understand that, in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Ohio Class. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Ohio Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

77. Plaintiffs have retained counsel competent and experienced in complex wage and hour class actions and in labor and employment litigation.

78. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Ohio Class have been damaged and are entitled to recovery as a result of BrightEdge's common and

uniform policies, practices, and procedures. Although the relative damages suffered by individual Ohio Class members are meaningful to them, such damages are small compared to the expense and burden of bringing individual cases. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about BrightEdge's practices.

79. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

80. Plaintiffs and the members of the FLSA Collective and Ohio Class (the latter two, collectively, the "Class Members") have been victims of a common policy and plan perpetrated by BrightEdge that has violated their rights under the FLSA and OMWA by denying them overtime compensation for hours worked in excess of 40 in a workweek.

81. Plaintiffs and Class Members have also been victims of a common policy and plan perpetrated by BrightEdge that has violated their rights under Ohio law by failing to compensate them at no less than the minimum wage rate for all hours worked.

82. Upon information and belief, Plaintiffs and the Class members regularly worked more than 40 hours during most weeks in which they worked for BrightEdge.

83. SDRs job duties require significant overtime work. BrightEdge sets strict requirements for time spent interacting with customers, requiring SDRs to focus the bulk of their office shifts on making sales calls. In addition to meeting sales goals, BrightEdge requires SDRs to participate in frequent meetings which consume several work hours per week and decrease the amount of shift time available to make sales. As a result of these requirements, SDRs have little office time to perform all other work, including prospecting, drafting emails, and performing other sales duties. Instead, BrightEdge expects SDRs to complete many of these tasks outside of normal business hours, including on weekends.

84. BrightEdge further does not compensate more than a set number of overtime hours per week, regardless of the number of hours actually worked.

85. Even though BrightEdge informs SDRs at the time of hire that their job duties will take a minimum of 55 hours per week to complete, BrightEdge refused to pay overtime beyond a set number of hours, less than 55, in a workweek.

86. BrightEdge failed to pay Plaintiffs and the Class members for all hours worked.

87. BrightEdge failed to pay Plaintiffs and the Class Members for all hours worked over 40 in a workweek.

88. BrightEdge failed to properly calculate those overtime hours that it did compensate, including by failing to include the value of bonuses and commissions in the regular rate.

89. BrightEdge failed to keep accurate records of the hours that Plaintiffs and the Class members worked.

90. BrightEdge has required, suffered, or permitted all the work that Plaintiffs and the Class Members have performed, and/or BrightEdge has known or should have known of all the work that Plaintiffs and the Class Members have performed.

91. Pursuant to a centralized, company-wide policy, pattern, or practice that was authorized, established, promulgated, and/or ratified by its corporate headquarters, BrightEdge required, suffered, or permitted Plaintiffs and the Class Members to work off the clock, which resulted in BrightEdge failing to pay Plaintiffs and the Class Members for all hours worked, including overtime hours, in violation of the FLSA and OMWA.

92. BrightEdge's treatment and compensation of SDRs did not vary depending on the location where the SDRs worked.

93. Plaintiffs and the Class Members performed the same primary job duties.

94. As part of its regular business practice, BrightEdge has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and Ohio law with respect to Plaintiffs and the Class Members. This policy and pattern or practice includes but is not limited to:

 (a) willfully failing to record all the time that its employees, including Plaintiffs and the Class members, have worked for the benefit of BrightEdge;

 (b) willfully failing to keep payroll records as required by the FLSA and Ohio law;

 (c) willfully failing to pay its employees, including Plaintiffs and the Class Members, overtime wages for all of their hours that they worked in excess of 40 hours per week; and

 (d) willfully failing to properly calculate those overtime wages that it did pay, including by failing to include bonuses and commissions in the regular rate.

95. BrightEdge is aware or should have been aware that federal and state law required it to pay its employees, including Plaintiffs and the Class Members, an overtime premium for all hours worked in excess of 40 hours per week.

**FIRST CAUSE OF ACTION**
**(FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)**
**(ON BEHALF OF PLAINTIFFS AND THE FLSA COLLECTIVE)**

96. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully rewritten herein.

97. For a period of time, BrightEdge engaged in a practice of violating the FLSA, as described in this Complaint.

98. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

99. At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

100. At all relevant times, BrightEdge employed Plaintiffs and the FLSA Collective.

101. The overtime was provisions set forth in FLSA, 29 U.S.C. §§ 201, *et seq.* apply to BrightEdge.

102. At all relevant times, BrightEdge has been an employer engaged in commerce and/or the production of goods within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

103. At all relevant times, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

104. BrightEdge has failed to pay Plaintiffs and the FLSA Collective all of the overtime wages to which they are entitled under the FLSA.

105. BrightEdge's violations of the FLSA, as described in the Complaint, were willful and intentional.

106. Because BrightEdge's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

107. Plaintiffs and the FLSA Collective have suffered damages by being denied the proper amount of overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

108. As a result of BrightEdge's willful violations of the FLSA, Plaintiffs and the FLSA Collective have been denied overtime compensation and other wages in accordance with 29 U.S.C. §§ 201, *et seq*., in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other damages from BrightEdge, pursuant to 29 U.S.C. §216(b).

**SECOND CAUSE OF ACTION**
**(OHIO WAGE AND HOUR LAW – UNPAID WAGES)**
**(BROUGHT ON BEHALF OF PLAINTIFFS, AS OHIO CLASS**
**REPRESENTATIVES, AND THE OHIO CLASS)**

109. Plaintiffs, on behalf of themselves and all Ohio Class members, reallege and incorporate by reference the allegations set forth in the preceding Paragraphs of this Complaint as if fully rewritten herein.

110. Each of the named Plaintiffs is ready, willing, and able to serve as the Ohio Class Representative. Each of the named Plaintiffs' claims are typical of those of the Ohio Class and

each of the named Plaintiffs is capable of serving as Ohio Class Representative. One or more of the Plaintiffs will be designated by Plaintiffs as the proposed Ohio Class Representative(s) when Plaintiffs move for certification of the Ohio Class.

111. BrightEdge has engaged in a widespread policy, pattern, or practice of violating Ohio law, as detailed in this Complaint.

112. At all times relevant, Plaintiffs and the other members of the Ohio Class have been employees and BrightEdge has been an employer within the meaning of the OMWA. Plaintiffs and the members of the Ohio Class are covered by the OMWA.

113. The members of the Ohio Class are similarly situated because they all performed the same primary duties, responsibilities, and activities, and all are subject to BrightEdge's common policy and practice, implemented throughout the State of Ohio, of failing to credit and pay them proper overtime compensation, in violation of the OMWA.

114. BrightEdge employed Plaintiffs and the members of the Ohio Class as an employer, as further alleged herein.

115. BrightEdge's unlawful conduct, as described in the Complaint, was willful and/or in reckless disregard of the OMWA and done pursuant to BrightEdge's centralized, company-wide policy, pattern and/or practice of attempting to minimize labor costs by failing to credit and pay Plaintiffs and the members of the Ohio Class proper overtime compensation, in violation of the OMWA.

116. As part of its regular business practice, BrightEdge has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the OMWA with respect to Plaintiffs and similarly situated Ohio Class members.

117. Due to the foregoing as alleged in the preceding Paragraphs, BrightEdge's failure to pay overtime wages for work performed by plaintiffs and Ohio Class members in excess of 40 hours per workweek was willful and had been widespread, repeated, and consistent.

118. BrightEdge's violations of the OMWA, as described in this Complaint, have been willful and intentional.

119. Due to BrightEdge's violations of the OMWA and the Ohio Constitution, Article II, Section 34a, Plaintiffs and the members of the Ohio Class are entitled to recover from BrightEdge the relief requested herein.

**THIRD CAUSE OF ACTION**
**(OHIO WAGE AND HOURS LAW – RECORD-KEEPING VIOLATION)**
**(BROUGHT ON BEHALF OF PLAINTIFFS, AS OHIO CLASS REPRESENTATIVES, AND THE OHIO CLASS)**

120. Plaintiffs, on behalf of themselves and all Ohio Class members, reallege and incorporate by reference the allegations in the preceding Paragraphs as if they were fully rewritten herein.

121. Article II, Section 34a of the Ohio Constitution establishes obligations and requirements on Ohio employers to accurately record and maintain records of the hours worked by their employees.

122. BrightEdge failed to maintain records of the Plaintiffs' and Ohio Class members' hours worked for each day worked.

123. BrightEdge's failure to maintain such records violates the Ohio Constitution, Article II, Section 34a and entitles Plaintiffs and the Ohio Class to remedies provided by that Section as well as O.R.C. § 4111.14.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated FLSA Collective members, pray for the following relief:

A. At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or the Court should issue such notice, to all persons who are members of the FLSA Collective. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime;

B. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201, *et seq*. and the supporting United States Department of Labor regulations and the

employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

C. Payment of a service award to Plaintiffs, in recognition of the services they have rendered, and will continue to render, to the FLSA Collective members;

D. Pre-judgment interest;

E. Attorneys' fees and the costs of the action, including expert fees;

F. Reasonable incentive awards for the named Plaintiffs to compensate them for the time they spent attempting to recover wages for other opt-in plaintiffs and for the risks they took in doing so; and

G. A declaratory judgment that the practices complained of herein are unlawful; and

H. Such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiffs, individually and on behalf of all members of the Ohio Class, pray for the following relief:

A. Certification of the state law claims in this action as class actions;

B. At the time Plaintiffs seek certification of the Ohio Class and at Plaintiffs' request, designation of one or more the named Plaintiffs (Adam Keyse, Adam Mitro, Charles Berg, and Andrew Perrin) as the Ohio Class Representative(s) of the Ohio Class;

C. A declaratory judgment that the practices complained of herein are unlawful under the OMWA;

D. Appropriate equitable and injunctive relief to remedy BrightEdge's violations of the OMWA, including but not necessarily limited to an order enjoining BrightEdge from continuing its unlawful practices;

E. An award of damages (including but not limited to unpaid wages and unpaid overtime wages, as applicable), liquidated damages, appropriate statutory penalties, the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes and restitution to be paid by BrightEdge according to proof;

F.  An award of "damages" and attorneys' fees under Ohio law, including the OMWA, Article II, Section 34a of the Ohio Constitution, R.C. 4111.10, R.C. 4111.14(J), and any other applicable provisions.

G.  Pre-judgment interest;

H.  All penalties provided by law;

I.  Attorneys' fees and the costs of this action, including expert fees;

J.  Reasonable incentive awards for the named Plaintiffs to compensate them for the time they spent attempting to recover wages for other opt-in plaintiffs and for the risks they took in doing so; and

K.  A declaratory judgment that the practices complained of herein are unlawful; and

L.  Such other relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Collective and Class Action Complaint.

Respectfully submitted,

Drew Legando (0084209)
Tom Merriman (0040906)
Edward S. Jerse (0013155)
**MERRIMAN LEGANDO WILLIAMS & KLANG, LLC**
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@merrimanlegal.com
   tom@merrimanlegal.com
   edjerse@merrimanlegal.com

*Counsel for Plaintiffs*