IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ADAM KEYSE, ADAM MITRO, CHARLES BERG, and DREW PERRIN,** on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**BRIGHTEDGE TECHNOLOGIES, INC.,**<br><br>Defendant. | Case No. 1:21-cv-01737-PAB<br><br>Judge Pamela A. Barker |

## ORDER DISMISSING LAWSUIT WITH PREJUDICE AND APPROVING COLLECTIVE ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement ("Approval Motion"). The Approval Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in their Collective Action Settlement Agreement and Release ("Agreement"), which is attached to the Approval Motion as Exhibit A.

Having reviewed the Approval Motion, the Agreement and its exhibits, the Declaration of Drew Legando in support of the Approval Motion, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order dismissing the lawsuit with prejudice and approves the Agreement and its exhibits, the Settlement Notice, the Settlement Administrator, the method of calculation of Individual Settlement Amounts, Service Awards to the Named Plaintiffs, attorneys' fees and costs to Plaintiffs' Counsel, and the Release of Claims set forth in the Agreement as follows:

1.   This lawsuit, which Plaintiffs filed on September 7, 2021, asserts class action and collective action claims against Defendant BrightEdge Technologies Inc. under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.; the Ohio Minimum Wage Act ("OMWA"), O.R.C. § 4111.01, *et seq*.; and Section 34a of Article II of the Ohio Constitution ("Section 34a") for the alleged failure to pay overtime compensation and other wages to BrightEdge's Sales Development Representatives ("SDRs"), as well as alleged record-keeping violations (the "Lawsuit" or "Action").

2.   The FLSA collective action claims asserted in the Lawsuit are brought on behalf of all individuals who worked for BrightEdge as SDRs in the United States for any amount of time since September 7, 2018.

3.   Plaintiffs allege that BrightEdge failed to pay SDRs overtime for hours that they worked "off-the-clock." Plaintiffs also allege that BrightEdge failed to properly calculate SDRs' regular rate for purposes of computing overtime pay. BrightEdge denies these allegations. It asserts that it actually paid SDRs more overtime than required by the FLSA and Ohio law.

4.   In an effort to resolve the Lawsuit without the burden and expense of protracted litigation, the Parties engaged in a mediation on January 19, 2022, with Lynn Cohn, who is the Director of the Center on Negotiation and Mediation at Northwestern Law School. During that mediation, the parties reached an agreement to resolve the Lawsuit on behalf of Plaintiffs and all individuals who worked for BrightEdge as SDRs in the United States from September 7, 2018, through the date of this Order ("Collective Members").

5.   Under the terms of the Settlement, all Collective Members will be mailed Settlement Checks representing their proportionate share of the Settlement Amount and a Settlement Notice. As will be explained in the Settlement Notice, if a Collective Member cashes, deposits, or otherwise negotiates their Settlement Check, they will be deemed to have opted into

the Lawsuit for purposes of the FLSA and consented to the personal jurisdiction of this Court. These individuals will be subject to the Release of Claims set forth in the Agreement. Any Collective Member who does not negotiate their Settlement Check will not join this Lawsuit and will not be subject to the Release of Claims. Their Individual Settlement Amounts will then be reallocated on a proportionate basis to Collective Members who joined the Lawsuit.

6. The Court finds that the proposed Settlement is a fair and reasonable resolution of a *bona fide* dispute and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel with the assistance of a mediator. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Plaintiffs and Collective Members. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the amount and terms of the Settlement; and the experience and views of counsel for the Parties.

7. Based on those factors, the Court approves the Settlement and the Agreement and its exhibits, including the proposed Settlement Notice, and it Orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court further certifies the Lawsuit as a collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, for settlement purposes only.

8. The Court finds that the proposed method of calculation of the Individual Settlement Payments to Plaintiffs and Collective Members is fair and reasonable.

9. The Court approves the proposed Service Payments to Named Plaintiffs in recognition of their service to the Lawsuit to be paid from the Settlement Amount, and it Orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

10. The Court approves the payment of attorneys' fees and costs to Plaintiffs' Counsel from the Settlement Amount as provided in the Agreement, and it Orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement. BrightEdge shall not be required to pay for any other attorneys' fees, expenses, costs, or disbursements in connection with this Lawsuit.

11. The Court approves CPT Group to serve as the Settlement Administrator, and it Orders that the fees and costs of the Settlement Administrator, in an amount not to exceed $10,000.00, shall be paid from the Settlement Amount as set forth in the Agreement. If that full amount is not incurred, any remaining amount shall be reallocated to Participating Collective Members, as that term is defined below, on a pro-rata basis. The Court further Orders that the Settlement Administrator administer the Settlement subject to the terms and conditions set forth in the Agreement.

12. The Court approves the Release of Claims set forth in the Agreement, which is incorporated herein in all respects. Plaintiffs and all Collective Members who cash, deposit, or otherwise negotiate their Settlement Checks ("Participating Collective Members") shall be deemed to have consented to this Court's jurisdiction and joined this Lawsuit and they will be subject to the Release of Claims set forth in the Agreement. Copies of the negotiated portions of the Settlement Checks representing the Participating Collective Members' consent to join this Lawsuit shall be filed with the Court in a single filing following the administration of the Settlement. The Release of Claims is effective as of the date of this Order.

13. Plaintiffs and Participating Collective Members are barred from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class or collective members or otherwise), or receiving any benefits or other relief from any other claim, lawsuit,

arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on claims included in the Release of Claims.

14. The terms of the Agreement and this Order are binding on Plaintiffs and Participating Collective Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effects in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release of Claims set forth in the Agreement.

15. Neither this Order nor the Agreement is, may be construed as, or may be used as an admission or concession by either party.

16. The Court dismisses the claims of Plaintiffs and Participating Collective Members with prejudice, and the Court enters final judgment dismissing the Lawsuit with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order immediately.

17. The Court has jurisdiction to enter this Order, and it retains jurisdiction over the Lawsuit to enforce the terms of the Settlement.

**SO ORDERED:**

Date: 2/28/2022

*Pamela A. Barker*
Honorable Pamela A. Barker
United States District Judge